THEODORE BECKER, *Infant, etc. v.* WHEELING ICE & STORAGE COMPANY

(No. 8223)

Submitted November 19, 1935. Decided December 3, 1935.

*Riley & Riley,* for plaintiff in error.
*John P. Arbenz* and *D. A. McKee,* for defendant in error.

WOODS, JUDGE:

The Wheeling Ice & Storage Company, defendant in an action of trespass on the case, complains of a ruling of the trial court in setting aside a directed verdict in its favor and granting a new trial to plaintiff, Theodore Becker, infant, etc., on after-discovered evidence.

Theodore Becker, between six and seven years of age, received certain injuries by coming in contact with one of defendant's trucks as the same was being operated on Alley 14, and directly in rear of the property on which his parents resided. The view between the alley and the back yard was obstructed by a board fence and a large shed of the height of eight feet. According to the testimony the truck was being driven from three to five miles per hour, and was actually

stopped within a distance of four inches, after the helper had told the driver to stop. The child, after the court had passed favorably on his competency to testify, stated that he was playing in his back yard and ran out of an open space into the alley and into the truck; that he was trying to turn around when the truck struck him in the back. The truck driver testified that he saw nothing of any children playing in the alley and knew nothing about such playing until he stopped his truck at the call of his helper and saw the boy lying on the ground before the back wheel. He admitted that he did not blow his horn. He said that he was over on the side of the alley next to the yard, preparatory to turning south on a cross alley. The evidence, as we have stated, was stricken, on the ground that no negligence had been shown, and the jury directed to find for defendant.

Was the trial court warranted in disturbing the verdict? Defendant insists that plaintiff's after-discovered evidence is not sufficient to justify the granting of a new trial, particularly in that there was nothing therein which ought to produce an opposite result. *Gibbard* v. *Evans*, 87 W. Va. 650, 106 S. E. 37. The court, however, took the position that if, on a new trial, the newly discovered evidence would measure up to that set forth in the affidavits, an issue of fact would be raised on the matter of negligence. The affidavits were to the effect that children had been playing at the place of the accident a very short time before. In an opinion, made part of the record, the learned court, while expressing doubt as to whether evidence on a new trial would show that the driver saw the children, observed that the time of the playing of the children in the alley was placed so close to the time of the accident that it would have been impossible for the driver not to have seen them on the day of, and immediately prior to, the accident; and that, under the circumstances, the driver would be somewhat negligent if he did not signal the children in the yard that his truck was about to pass that point. The court also called attention to the tender age of the plaintiff.

The courts and text writers, by sound reason and almost unanimous holding, declare that in situations similar to the one presented in the instant case, knowledge that the place

was open to and frequented by children, is also notice that if peril is presented it may not be appreciated by them. In other words, the question in every case is whether the injury might have been anticipated and foreseen and avoided had the defendant exercised the care and forethought of a reasonably prudent person. 20 R. C. L. 83, secs. 73, 75. The newly discovered evidence is right along that line.

As a general rule it takes a stronger case in this Court to reverse an order granting than in refusing a new trial. *Vaughan* v. *Memorial Hospital,* 100 W. Va. 290, 130 S. E. 481. The reason back of this rule is that the refusal operates as a final adjudication of the rights of the parties, while the granting of the new trial simply invites further investigation, and affords an opportunity for showing the truth without concluding either.

The action of the trial court in granting a new trial is accordingly affirmed.

*Affirmed.*